UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY FREEMAN and ANDREW TROUT[1] *individually and on behalf of all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> TOYOTA MOTOR SALES, U.S.A., INC. et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 4:19-cv-02550-SEP |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Jamie Brown's Consent Motion to Transfer Venue to the United States District Court for the Central District of California. Doc. 59. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Having considered the Motion, to which all parties consent, the Court finds that transfer of this case is in the interest of justice.

The Motion references a Stipulation Regarding Second Amended Complaint and Updated Joint Proposed Scheduling Plan, Doc. 55, filed on June 1, 2021, wherein the parties agreed that Plaintiffs could file their Second Amended Complaint. Doc. 55 at 4. The Stipulation, which was not filed or styled as a motion, stated that the deadline for Defendants' responsive pleading to the Second Amended Complaint would be "30 days from the date of approval of this Stipulation." *Id.* at 5. The Motion to Transfer notes that "[a]s of the date of this motion, the Court has not approved the Stipulation," and asks that the deadline for Defendants' responsive pleading be thirty days from the date of transfer. Doc. 59 ¶¶ 1, 10.

Under the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent *or* the court's leave." Fed. R. Civ. Proc. 15(a)(2)

---

[1] Per the Second Amended Complaint, Plaintiffs Freeman and Trout have been replaced as named plaintiffs by Jamie Brown. Doc. 56.

1

(emphasis added). The Stipulation noted Defendants' consent to the filing of the Second Amended Complaint. Doc. 55 at 4. As such, leave of this Court was not required. *See* Fed. R. Civ. Proc. 15(a)(2). The Second Amended Complaint has been the operative pleading in this action since June 1, 2021. Due to the parties' misunderstanding, however, the Court will grant their current request for an extension of the responsive pleading deadline until thirty days from the date of this Order.

The Court also notes that the June 1, 2021, Stipulation included a proposed revised joint scheduling plan. Doc. 55 at 4-5. Before that filing, the action had been governed by the Amended Case Management Order issued on March 13, 2021. Doc. 42. Under the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4). The parties may not stipulate to an amendment of a scheduling order. Based on their earlier request to amend the original Case Management Order, *see* Doc. 41, the parties appear to be aware that the appropriate vehicle for seeking the Court's consent to amend a case management order is a motion supported by good cause. Therefore, although the Court finds good cause for the requested extension of the deadline for responding to the Second Amended Complaint, in all other respects the Amended Case Management Order, Doc. 42, still governs this litigation unless and until the parties file a motion seeking its amendment.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Transfer Venue to the United States District Court for the Central District of California [Doc. 59] is **GRANTED.** A separate Order of Transfer will be filed herewith.

**IT IS FURTHER ORDERED** that Defendants shall file their responsive pleading to the Second Amended Complaint within thirty (30) days from the date of this Order.

Dated this 24th day of January, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

2